# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

JOHN FOSTER, on behalf of himself
and those similarly situated,

    **Plaintiff,**

**v.**

COMCAST CABLE
COMMUNICATIONS, LLC, a
Foreign For Profit Corporation, and
ONE STOP CABLE &
COMMUNICATIONZ, INC.,

    **Defendants.**

CASE NO.:

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiff, JOHN FOSTER, on behalf of himself and those similarly situated

("Plaintiff"), brings this action against, Defendant, COMCAST CABLE

COMMUNICATIONS, LLC, a foreign for profit, limited liability corporation, and

Defendant, ONE STOP CABLE & COMMUNICATIONZ, INC., (hereinafter

collectively referred to as "Defendants"), for unpaid overtime compensation,

liquidated damages, declaratory relief, and other relief under the Fair Labor

Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

# I.  NATURE OF SUIT

The FLSA was passed by Congress in 1938.  The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers.  *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).  The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1.    This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

2.    This action is intended to include each and every cable technician whom worked for the Defendants **statewide** at any time within the past three (3) years.

3.    Defendants have misclassified Plaintiff as an "independent contractor," when they are, as a matter of both fact and law, employees whom are jointly

employed by Defendant, COMCAST CABLE COMMUNICATIONS, LLC, and Defendant, ONE STOP CABLE & COMMUNICATIONZ, INC.

## II.   PARTIES

4.    At all times material hereto (2014 – 2017)[1], Plaintiff, on behalf of himself and those similarly situated, was a cable technician and performed related activities for Defendants in Atlanta, Georgia among other locations.

5.    Defendant, COMCAST CABLE COMMUNICATIONS, LLC, ("Comcast"), is headquartered in Philadelphia, Pennsylvania with offices in the State of Georgia, therefore venue is proper pursuant to 28 U.S.C. § 1391(b) & (c).

6.    At all times material hereto Defendant, ONE STOP CABLE & COMMUNICATIONZ, INC. ("One Stop"), was and continues to be a domestic, for profit, corporation, with its principle place of business located in Stone Mountain, Georgia.

7.    At all times material hereto Defendants were and continue to be a full service provider of residential and commercial installation services of broadband cable and telecommunications serving millions of consumers, small businesses and many of the world's prominent corporate, institutional, and government clients.

---

[1] All references to material times relevant to this action shall mean to encompass from 2014 through 2017.

## III.   JURISDICTION

8.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

9.     The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## IV.   COVERAGE

10.     At all times material hereto Plaintiff was jointly employed by Defendants, within the meaning of FLSA.

11.     At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of FLSA.

12.     Defendants were and continue to be an "employer" within the meaning of FLSA.

13.     At all times material hereto, Defendants were and continue to be "an enterprise engaged in commerce" within the meaning of FLSA.

14.      At all times material hereto, each of the Defendants were and continue to be an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

15.    Based upon information and belief, the annual gross revenue of Defendant, COMCAST CABLE COMMUNICATIONS, LLC, was in excess of $500,000 per annum during the relevant time periods.

16.    Based upon information and belief, the annual gross revenue of Defendant, ONE STOP CABLE & COMMUNICATIONZ, INC., was in excess of $500,000 per annum during the relevant time periods.

17.    Both Defendants' combined annual gross revenue was in excess of $500,000 per annum during the relevant time periods.

18.    At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including, but not limited to, cable installation supplies, tools, and equipment.

19.    At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, because Plaintiff handled telephone calls and computer transactions on a regular and frequent basis as part of his job duties while employed by Defendants.

20.    At all times hereto, Defendant, COMCAST CABLE COMMUNICATIONS, LLC, had two or more employees who handled goods that had previously moved

in commerce such as telephones, cable equipment, wires, vehicles, tables, tools, etc.

21. At all times hereto, Defendant, ONE STOP CABLE & COMMUNICATIONZ, INC., had two or more employees who handled goods that had previously moved in commerce such as telephones, cable equipment, wires, vehicles, tables, tools, etc.

22. Defendants and its officers and agencies are responsible under the United States Constitution, federal law, and regulations of the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff and those similarly situated employees, the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

23. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and those similarly situated are in the possession, custody and control of Defendants, respectively.

## V.    STATEMENT OF FACTS

24. Defendant, COMCAST CABLE COMMUNICATIONS, LLC, provides cable installation and repair services to cable providers in the State of Georgia on a project resource, consulting and outsourcing basis on behalf of its commercial

6

client, Defendant, ONE STOP CABLE & COMMUNICATIONZ, INC., in the State of Georgia and elsewhere.

25.   Defendant, ONE STOP CABLE & COMMUNICATIONZ, INC., is a full service provider of residential and commercial installation services of broadband cable and telecommunications serving millions of consumers, small businesses, and many of the world's prominent corporate, institutional and government clients, including companies such as COMCAST CABLE COMMUNICATIONS, LLC.

26.   Defendant ONE STOP CABLE & COMMUNICATIONZ, INC., is a telecommunications company that contracts with COMCAST CABLE COMMUNICATIONS, LLC and other cable companies to install, repair, or construct the facilities for high-speed internet, cable television, and telephone service for COMCAST CABLE COMMUNICATIONS, LLC and other such cable television companies.

27.   ONE STOP CABLE & COMMUNICATIONZ, INC., with the knowledge and approval of COMCAST CABLE COMMUNICATIONS, LLC, purports to contract with individuals to perform such installation, repair, construction, and supervisory work associated with monitoring such quality of those services.  The Defendants purport to call these individuals "independent contractors," not employees, thereby avoiding any obligation to pay payroll taxes, workers'

compensation insurance, health insurance, unemployment insurance, overtime, and other such benefits.

28.    Plaintiff and those similarly situated are/were cable technicians whom were hired by Defendant, COMCAST CABLE COMMUNICATIONS, LLC, to perform cable installation and repairs.

29.    ONE STOP CABLE & COMMUNICATIONZ, INC. is a sub-contractor for Defendant, COMCAST CABLE COMMUNICATIONS, LLC, and performed duties for Defendant, COMCAST CABLE COMMUNICATIONS, LLC, in order to assist consumers subscribed to services for broadband cable and telecommunications with companies or corporations such as Defendant, COMCAST CABLE COMMUNICATIONS, LLC.

30.    In addition, Defendant, ONE STOP CABLE & COMMUNICATIONZ, INC., maintains a training facility at which all new installers are trained, and where Plaintiff was trained in installation and repair, and many of those similarly situated, hired by ONE STOP CABLE & COMMUNICATIONZ, INC., have no previous experience in telecommunications installation and repair.

31.    Upon beginning work with ONE STOP CABLE & COMMUNICATIONZ, INC., contractor Plaintiffs are required to train with ONE STOP CABLE & COMMUNICATIONZ, INC. employees and/or other contractors.

32.     All of the telecommunications equipment used by the contractor Plaintiffs must be picked up from a warehouse on ONE STOP CABLE & COMMUNICATIONZ, INC.'s property, and it is ONE STOP CABLE & COMMUNICATIONZ, INC. which informs each contractor of the amount of equipment needed to perform the jobs for that day.

33.     Many of the contractor Plaintiffs have to buy their tools for their work, such as screwdrivers, ladders, etc. from ONE STOP CABLE & COMMUNICATIONZ, INC.'s warehouse and the costs of such items are taken out of their pay.

34.     All of the work orders given to the contractor Plaintiffs have the COMCAST CABLE COMMUNICATIONS, LLC name on them and often the contractor Plaintiffs will work in teams with COMCAST CABLE COMMUNICATIONS, LLC cable technicians since COMCAST CABLE COMMUNICATIONS, LLC also employs cable technicians who perform the same work as the contractors Plaintiffs.

35.     Plaintiff and those similarly situated employees were jointly employed by Defendants as cable technicians at all times relevant hereto, and performed installation, repair, construction and supervisory work for Defendants' throughout their employment.

36. Defendant, ONE STOP CABLE & COMMUNICATIONZ, INC., recruited cable technicians to perform work for Defendant, COMCAST CABLE COMMUNICATIONS, LLC.

37. Plaintiff worked in this capacity from approximately January 2004 through September 2016.

38. Plaintiff and those similarly situated, were paid by the job or commonly referred to as "piece rate."

39. Specifically, Plaintiff's wages were based on the job performed, not the amount of hours worked whether Plaintiff worked more or less than forty (40) hours.

40. Plaintiff was paid as an employee.

41. Virtually all of the cable technicians work well over forty (40) hours per week.

42. Typically, the cable technicians work or have worked between fifty-five (55) and eighty (80) hours per week without overtime compensation.

43. If Defendants or its cable providers are unsatisfied with work performed by the cable technicians, Defendants require such cable technicians to go out and correct any deficiency, and to make an repairs and on such occasions, while the cable technicians are not paid for their time working to correct such problems.

44.    Plaintiff, JOHN FOSTER, worked as a cable technician for Defendants.

45.    Plaintiff's paychecks did not deduct applicable tax withholdings.

46.    Plaintiff was responsible for assisting Defendant, COMCAST CABLE COMMUNICATIONS, LLC, with their customers.

47.    Plaintiff worked at Defendants' offices in the State of Georgia.

48.    Defendant, COMCAST CABLE COMMUNICATIONS, LLC, monitored and critiqued the work of Plaintiff and other similarly situated installers of ONE STOP CABLE & COMMUNICATIONZ, INC.

49.    Defendant, COMCAST CABLE COMMUNICATIONS, LLC, used quality control inspectors to monitor and critique the work of Plaintiff and other similarly situated installers of ONE STOP CABLE & COMMUNICATIONZ, INC.

50.    If Defendant, COMCAST CABLE COMMUNICATIONS, LLC, did not approve the quality of the work of Plaintiff and other similarly situated installers of ONE STOP CABLE & COMMUNICATIONZ, INC. COMCAST supervisors could/would send ONE STOP's installers back to a jack to correct any sub-quality work.

51.    Defendant, COMCAST CABLE COMMUNICATIONS, LLC, monitored the arrival and departure times of Plaintiff and other similarly situated installers of

ONE STOP CABLE & COMMUNICATIONZ, INC. at various jobs through the day.

52.     Defendant, COMCAST CABLE COMMUNICATIONS, LLC, required Plaintiff and other similarly situated installers to wear and display Comcast logos.

53.     Plaintiff and other similarly situated installers were required to hold themselves out as Comcast representatives when servicing Comcast customers.

54.     Plaintiff and other similarly situated cable technicians performed similarly, if not identical, job duties as the cable technicians whom worked directly for Defendants.

55.     Plaintiff and other similarly situated cable technicians whom were hired by Defendant, COMCAST CABLE COMMUNICATIONS, LLC, worked on the same orders or for the same customers as those for Defendant, ONE STOP CABLE & COMMUNICATIONZ, INC.

56.     Defendant, COMCAST CABLE COMMUNICATIONS, LLC, agreed to pay Defendant, ONE STOP CABLE & COMMUNICATIONZ, INC., a set amount based on the jobs One Stop's installers performed.

57.     As a result, One Stop paid its installers by the job based on a percentage of the revenue received from Comcast for the jobs that One Stop performed on behalf of Comcast.

58.     Comcast had the authority to determine whether it would allow any of One Stop's installers to perform work on one of its jobs.

59.     Defendants, jointly, controlled the daily work hours of Plaintiff and other similarly situated employees.

60.     Defendants, jointly, determined if Plaintiff and other similar situated cable technicians worked greater than forty (40) hours within a week.

61.     Plaintiff and other similarly situated cable technicians needed permission from Defendant, One Stop, in order to take time off from work.

62.     Plaintiff and those similarly situated cable technicians routinely worked in excess of forty (40) hours per week as part of their regular job duties.

63.     Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff and those similarly situated to him overtime compensation at a rate of one and one-half their regular rate of pay for the hours worked over forty (40) hours in each workweek.

64.     Despite their recognition that Plaintiff and those similarly situated are non-exempt under the FLSA, and entitled to overtime premium pay, Defendants failed and continue to fail to pay Plaintiff and those similarly situated any premium compensation when they worked more than forty (40) hours per week.

65.     Despite their recognition that Plaintiff and those similarly situated are non-exempt under the FLSA, and entitled to overtime premium pay, Defendants failed and continue to fail to pay Plaintiff and those similarly situated proper overtime premium compensation for all overtime hours worked each week.

66.     Defendants have employed and are employing other individuals as cable technicians throughout whom perform or have performed the same or similar job duties under the same pay provisions as Plaintiff and other similarly situated employees.

67.     Defendants have violated Title 29 U.S.C. §207 and continue to-date, in that:

    a.     Plaintiff and those similarly situated worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b.     No payments or insufficient payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c.     Defendants have failed to maintain proper time records as mandated by the FLSA.

68.   Plaintiff and those similarly situated have retained the law firm of MORGAN & MORGAN, P.A. to represent them in the litigation and have agreed to pay the firm a reasonable fee for its services.

## VI.   COLLECTIVE ACTION ALLEGATIONS

69.   Plaintiff and other similarly situated employees ("Class Members"), performed the same or similar job duties as one another in that they provided cable installation/repair services for Defendants.

70.   All of Defendants' cable technicians are paid by the job.

71.   Further, Plaintiff and the Class Members were subjected to the same pay provisions in that they were paid by the job and not compensated at one and one-half for all hours worked in excess of forty (40) hours in a workweek during the time period when they were misclassified as independent contractors.  Thus, the Class Members are owed overtime wages for the same reasons as Plaintiff.

72.   Defendants' failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that cable technicians are paid for overtime hours worked.

73.   This policy or practice was applicable to Plaintiff and the Class Members. Application of this policy or practice does not depend on the personal

circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all Class Members. Accordingly, the Class Members are properly defined as:

> **All cable technicians who worked for Defendant, ONE STOP CABLE & COMMUNICATIONZ, INC. while servicing COMCAST CABLE COMMUNICATIONS, LLC, within the last three (3) years whom were not compensated at one and one-half for all hours worked in excess of forty (40) hours in a workweek.**

74. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

75. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, *et seq.;* (c) Department of Labor Wage & Hour Opinion Letters; and/or (d) the Code of Federal Regulations.

76. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of

at least the one and one-half for all hours worked in excess of forty (40) hours in a work week.

77.    Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

78.    The Plaintiff brings this action on behalf of all such Class Members whom performed contractor work for Defendants, ONE STOP CABLE & COMMUNICATIONZ, INC. and COMCAST CABLE COMMUNICATIONS, LLC, in Georgia as described herein.  The class is so numerous as to make joinder of impractical.  The claims of the Plaintiff are common and typical of the claims of the Class Members as a whole. Counsel for the Plaintiff can fairly and adequately represent the interests of the Class Members.  Maintaining this action as a class action is the most appropriate and feasible way for this action to proceed.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

79.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 78 above.

80.    Plaintiff and the Class Members are or were entitled to be paid one and one-half their regular rate of pay for each hour worked in excess of forty (40) per workweek.

81. During Plaintiff's and the Class Members' employment with Defendants, Plaintiff and the Class Members regularly worked overtime hours but were not paid one and one-half compensation for same.

82. Specifically, Plaintiff and the Class Members were paid a "piece rate" method of payment without any additional premium payment of time or one-half their regular rate of pay for hours they worked in excess of forty (40) within a workweek.

83. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff and the Class Members.

84. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff and the Class Members.

85. As a result of Defendants' willful violation of the FLSA, Plaintiff and the Class Members are entitled to liquidated damages.

86. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, one and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and the Class Members have suffered damages, as well as incurring reasonable attorneys' fees and costs.

**COUNT II**
**RECOVERY OF UNPAID MINIMUM WAGE (FEDERAL)**

87.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 78 above.

88.     At all relevant times, Defendants have been, and continue to be, employers engaged in commerce and for the production of goods for commerce, within the meaning of the FLSA.

89.     At all relevant times, Defendants employed and/or continue to employ Plaintiff and/or similarly situated cable technicians.

90.     As stated above, Defendants have a policy of paying Plaintiff and those similarly situated a "piece rate" method of payment regardless of the number of hours actually worked.

91.     The "piece rate" paid by the Defendants would vary depending on what kind of installation or repair the Plaintiff and other similarly situated cable technicians would perform.

92.     Plaintiff and those similarly situated often worked in excess of eighty (80) hours per week and only received the piece rate of pay without any additional compensation for the hours worked in excess of forty (40) within a week.

93.    There have been many weeks where Plaintiff and those similarly situated have been paid less than the statutory minimum wage for all hours worked as a result of Defendants' piece rate method of payment.

94.    Such a policy and practice violates the FLSA's minimum wage provisions.

95.    Defendants' failure to pay Plaintiff and other cable technicians the full minimum wage is a violation of 29 U.S.C. § 206.

96.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**WHEREFORE**, Plaintiff, and all other similarly situated employees, demand judgment against Defendants for:

a)    Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b)    The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate him/them;

c)    The payment of all regular hours worked at no less than the statutory minimum wage;

c)    Liquidated damages;

d)    Reasonable attorneys' fees and costs incurred in this action;

e)      A declaration that Plaintiff and the Class Members were employees of Defendants under the terms of the FLSA and not independent contractors;

f)      Pre- and post-judgment interest as provided by law; and

g)      Any and all further relief that this Court determines to be appropriate.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury

/s/  Carlos V. Leach
Carlos V. Leach, Esq.
Ga. Bar No.:  488443
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Direct:      (404)  496-7295
Main:      (404)  965-8811
Facsimile:    (404)  965-8812
E-mail:      CLeach@forthepeople.com
***Attorneys for Plaintiff(s)***